IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSEPH KIRK PIERCE                                                    PLAINTIFF

vs.                                    Civil No. 2:14-cv-02232

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Joseph Kirk Pierce ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy

L. Brooks referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **AFFIRMED.**

1.    **Background:**

Plaintiff filed his disability application on September 6, 2011. (Tr. 33). In his application,

Plaintiff alleges being disabled due to "back surgery . . . [and] . . . nerve damage." (Tr. 196).

Plaintiff alleges an onset date of September 29, 2011.[1] (Tr. 33). This application was denied initially

and again upon reconsideration. (Tr. 88-90).

---

[1] This is Plaintiff's amended alleged onset date. Plaintiff amended his alleged onset date at the
administrative hearing in this matter.

1

Thereafter, Plaintiff requested an administrative hearing on his application. (Tr. 99). This hearing request was granted. (Tr. 108-115). Plaintiff's administrative hearing was held on November 19, 2012 in Fort Smith, Arkansas. (Tr. 47-87). At this hearing, Plaintiff was present and was represented by Iva Gibbons. *Id.* Only Plaintiff and Vocational Expert ("VE") Floyd John Massey testified at this hearing. *Id.* During this hearing, Plaintiff testified he was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 52). As for his education, Plaintiff testified he had obtained his GED. (Tr. 52-53).

On April 12, 2013, the ALJ entered an unfavorable decision denying Plaintiff's application. (Tr. 30-42). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 35, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 20, 2011, his amended alleged onset date. (Tr. 35, Finding 2). The ALJ found Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine status post surgery. (Tr. 35-36, Finding 3). Despite being severe, the ALJ determined that impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 36, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 36-41, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can only occasionally climb ramps and stairs, but can never climb ladders, ropes, and scaffolds; the claimant can only occasionally balance, stoop, kneel, crouch, and crawl; the claimant cannot perform

2

overhead work and/or reaching; and the claimant must avoid concentrated exposure
to hazards including no driving as a part of work.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 42, Finding 6).  The
VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon the VE's testimony
and considering Plaintiff's RFC, the ALJ determined he retained the capacity to perform his PRW
as a telemarketer or customer service representative (sedentary, semi-skilled).  *Id.*  Because he
retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a
disability, as defined by the Act, from September 29, 2011 through the date of the ALJ's decision
or through April 12, 2013.  (Tr. 42, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable
decision.  (Tr. 27-29).  On September 9, 2014, the Appeals Council denied this request for review.
(Tr. 1-5).  On October 31, 2014, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have
filed appeal briefs.  ECF Nos. 9-10.  This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's
findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)
(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than
a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to
support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).
As long as there is substantial evidence in the record that supports the Commissioner's decision, the
Court may not reverse it simply because substantial evidence exists in the record that would have
supported a contrary outcome or because the Court would have decided the case differently.  *See*

3

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

4

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In his appeal brief, Plaintiff raises the following six arguments for reversal: (A) the ALJ erred by failing to properly develop the record; (B) the ALJ erred by failing to consider evidence which detracted from his findings; (C) the ALJ erred in evaluating his credibility; (D) the ALJ gave improper weight to the findings of his treating physicians; (E) the ALJ erred in evaluating his RFC; and (F) the ALJ erred in evaluating his PRW.  ECF No. 9. The Court will address each of these arguments.

A.    **Record Development**

Plaintiff claims the ALJ erred in developing the record in his case.  ECF No. 9 at 8-10.  Specifically, Plaintiff claims the ALJ did not recontact his treating physicians or the consulting physician to determine his work limitations.  *Id.*  In response to this argument, Defendant claims the ALJ fully complied with his obligation to fully develop the record.  ECF No. 10 at 5-8.  Defendant also argues no remand is necessary.  *Id.*

Upon review of Plaintiff's claim and Defendant's response, the Court agrees the record in this case was properly developed and no remand is necessary.  Notably, the ALJ only has the obligation "to develop a reasonably complete record."  *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994).  Here, the transcript in this case is nearly four hundred pages long.  This transcript includes Plaintiff's treatment records and the report from a consultative examination ordered by the ALJ.  (Tr. 379-381).  Based upon this information, the Court finds this is a "reasonably complete record."

In raising this claim, Plaintiff also argues the ALJ was required to request an RFC assessment

from an examining source. ECF No. 9 at 8-10. Plaintiff claims an RFC assessment is required for the record to be complete. *Id.* Plaintiff cites no caselaw supporting such a claim. *Id.*

Upon review, the Court finds that no such RFC assessment is required. Further, it is worth noting that in this case, Plaintiff's consultative examiner, Dr. Gary P. Nunn, M.D., did provide flexion and extension ratings for Plaintiff's upper and lower extremities and Plaintiff's range of motion. (Tr. 381). The ALJ also had the benefit of Plaintiff's treatment records in assessing his RFC. Finally, there is a physical RFC assessment form completed by a consulting, non-examiner which provides his work limitations. (Tr. 321-328). Thus, the Court finds no additional RFC assessment was required.

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no showing of prejudice or unfair treatment. ECF No. 9 at 8-10. Instead, it appears Plaintiff is arguing prejudice or unfair treatment can be inferred because the record is not developed. *Id.* This is simply not the standard under *Onstad,* and there is no indication from this case that prejudice or unfair treatment can be inferred. Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

**B.    Consideration of the Evidence**

Plaintiff the ALJ erred by failing to consider his "fatigue and anxiety and depression." ECF No. 9 at 10. In his application, however, Plaintiff only alleged being disabled due to "back surgery . . . [and] . . . nerve damage." (Tr. 196). At the administrative hearing in this matter, Plaintiff again reiterated being disabled due to his back problems: "I had a lot of [back] pain, I couldn't sit. It got to where it was uncomfortable to sit." (Tr. 60). Indeed, throughout the hearing in this matter,

Plaintiff complained of his severe back pain.  (Tr. 51-78).

Notably, Plaintiff did not allege in either his disability application nor at the administrative hearing in this matter that he was disabled due to "fatigue and anxiety and depression."  Thus, the ALJ was under no obligation to investigate these claims or find they were separate severe impairments.  *See Brockman v. Sullivan,* 987 F.2d 1344, 1348 (8th Cir. 1993) ("[t]he ALJ, however, had no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability").  The Court will not engage in after-the-fact speculation as to which impairments *Plaintiff could have raised* based upon his medical records.  Here, Plaintiff only alleged being disabled due to back problems.  Thus, the ALJ did not err in only considering his back problems.

### C.      Credibility Determination

Plaintiff claims the ALJ's credibility determination is not sufficient.  ECF No. 9 at 11-13.  Specifically, Plaintiff claims the ALJ did not give sufficient reasons for discounting his subjective complaints of disabling pain.  *Id.*  Thus, Plaintiff claims his case must be reversed and remanded.  *Id.*  In response, Defendant argues the ALJ's credibility determination was reasonable and was within the ALJ's discretion.  ECF No. 10 at 8-10.  Defendant argues the ALJ's credibility determination should be affirmed.  *Id.*

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979,

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski* in evaluating Plaintiff's credibility.  (Tr. 36-41).  In his opinion, the ALJ noted Plaintiff is able to

---

983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

perform a number of daily activities, including "attend to his own personal hygiene unassisted, prepare simple meals, assist with household chores such as laundry, go out unaccompanied, drive a vehicle, shop for groceries and household items, manage his finances, engage in leisure activities such as socializing with others and playing video games, and provide care for his 3-year old daughter while his wife is at work." (Tr. 39). The ALJ noted Plaintiff did not consistently seek medical treatment for his impairments and  waited for eighteen months after his back surgery to "seek treatment and/or pain management." (Tr. 38). Further, the ALJ noted Plaintiff had "provided inconsistent information relevant to the issue of disability." (Tr. 40). This "inconsistent information" included telling his treating physician that he had a follow-up scheduled with his surgeon when he did not. *Id.*

Further, the ALJ found Plaintiff gave misleading statements regarding his health insurance. (Tr. 40-41). As the ALJ noted, Plaintiff represented to Johnson Regional twice (once in 2011 and once in 2012) that he had insurance but did not have "his proof of insurance with him." (Tr. 41). Plaintiff, however, later testified at the administrative hearing that he had *no insurance:* "However, the claimant testified at the hearing that he did not have insurance, but was instead calling several places and *thought* he *might* get insurance." *Id.* The ALJ found Plaintiff's apparent misrepresentations impacted his credibility: "Although the information provided by the claimant may not be the result of a conscious intention to mislead, it nevertheless suggests to the undersigned that the information provided by the claimant generally may not be entirely credible." *Id.*

Based upon this information, the Court finds the ALJ supplied "good reasons" for his credibility determination. Because these are "good reasons" for discounting Plaintiff's subjective complaints, the Court finds no basis for reversal on this issue. *See McDade v. Astrue,* 720 F.3d 994,

998 (8th Cir. 2013) (holding a credibility determination is entitled to deference if it is based upon "good reasons supported by substantial evidence").

### D.    Treating Physicians

Plaintiff claims the ALJ erred in considering the opinions of his treating physicians.  ECF No. 9 at 13-14.  In making this argument, Plaintiff again argues the ALJ erred by failing to develop the record regarding their opinions.  *Id.*  As noted above, however, the Court finds no basis for reversal on this issue.

Further, in making this argument, Plaintiff provides *no specific limitations* that the ALJ erred by failing to adopt.  ECF No. 9 at 13-14.  In his opinion, the ALJ summarized the findings from Plaintiff's medical records, including those in his treatment records.  (Tr. 36-41).  In his opinion, the ALJ afforded "substantial weight to the opinions of the claimant's treating physicians."  (Tr. 41).  The only finding the ALJ did not afford "substantial weight" to was the diagnosis of generalized anxiety disorder by Dr. Williams.  *Id.*  As noted above, however, Plaintiff did not even allege this as a disability.  Thus, the Court finds no basis for reversal on this claim.

### E.    RFC Determination

Plaintiff claims the ALJ erred in assessing his RFC.  ECF No. 9 at 14-15.  Plaintiff claims this RFC assessment should have accounted for the "effects of fatigue, depression, anxiety, or severe pain" and "should also have included limitations in sitting, standing and walking as well as the need for unscheduled breaks and the likelihood of excessive absenteeism and the plaintiff being off task much of the day."  *Id.*

Despite Plaintiff's claim, however, the ALJ *did account* for Plaintiff's allegedly disabling physical impairments and limited Plaintiff to less than a full range of sedentary work.  (Tr. 36-41,

10

Finding 5).  Notably, the ALJ found Plaintiff "can only occasionally climb ramps and stairs, but can never climb ladders, ropes, and scaffolds; the claimant can only occasionally balance, stoop, kneel, crouch, and crawl; the claimant cannot perform overhead work and/or reaching; and the claimant must avoid concentrated exposure to hazards including no driving as a part of work." *Id.*  The only limitations the ALJ did not incorporate were those Plaintiff did not properly raise (fatigue, depression, anxiety) and those the ALJ found were not supported by the record (excessive absenteeism and being off task).

### F.      PRW Determination

Plaintiff claims the ALJ erred by failing to "make explicit findings regarding the actual physical and mental demands" of his PRW.  ECF No. 9 at 15.  Upon review, the Court finds no basis for this argument.  Contrary to Plaintiff's claim, the ALJ did explicitly find Plaintiff's PRW was sedentary and semi-skilled.  (Tr. 42).  Such a job is consistent with Plaintiff's RFC.

Further, the ALJ based his PRW determination upon the testimony of a VE, which is entirely proper.  *See Wagner v. Astrue,* 499 F.3d 842, 853 (8th Cir. 2007) (recognizing an ALJ may rely on the testimony of a vocational expert in making the necessary findings at step four).  Thus, the Court finds no basis for reversal on this issue.

### 4.      <u>Conclusion:</u>

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence in the record and recommends it be **AFFIRMED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **ENTERED this 22nd day of June 2015.**

                           /s/   Barry A. Bryant
                           HON. BARRY A. BRYANT
                           U.S. MAGISTRATE JUDGE

12